# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EARL JACKSON, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No. 4:18-cv-00368-DGK<br>Crim. No. 4:11-cr-00149-DGK |

## ORDER DENYING MOTION TO VACATE SENTENCE

Before the Court is Movant Earl Jackson's pro se motion (Doc. 1) to vacate, set aside, or correct his sentence under 42 U.S.C. § 2255. He argues that his prior convictions no longer qualify him as an armed career criminal under recent Supreme Court precedent. Because the Eighth Circuit Court of Appeals has rejected his argument, the motion is DENIED.

### Discussion

Movant pleaded guilty to being a felon in possession of a firearm, and this Court sentenced him to 188 months' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA mandates a longer sentence for a defendant convicted of being a felon in possession of a firearm if he has three or more past convictions for "violent felonies." *Id.* The Court applied the armed-career-criminal enhancement to Movant's sentence on the basis of six prior convictions: Missouri burglary, Illinois burglary (twice), Illinois robbery, Illinois armed robbery, and Illinois armed robbery and unlawful use of a weapon. Movant acknowledged in his plea agreement that he qualified as an armed career criminal based on these convictions.

At the time, "violent felony" meant a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person of another"; "is burglary,

arson, or extortion, involves the use of explosives"; or "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). But in *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551, 2557 (2015), the Supreme Court struck down the last part of this definition—the "residual clause"—as unconstitutionally vague. The Court later held that *Johnson* announced a "new rule" that applied retroactively on collateral review. *Welch v. United States*, --- U.S. ---, 136 S.Ct. 1257, 1264-65 (2016); *see* 28 U.S.C. § 2255(h)(2) (requiring the certification of successive § 2255 motions in such instances).

Movant contends that *Johnson* renders his sentence invalid. To prevail, he must show that at least four of the convictions underpinning his enhancement do not qualify as predicate offenses under the ACCA's remaining clauses. *Dembry v. United States*, 914 F.3d 1185, 1186 n.3 (8th Cir. 2019) (citing *Welch*, 136 S.Ct. at 1268). This he cannot do. Earlier this year the Eighth Circuit held that convictions under Missouri's first-degree robbery statute categorically qualify as violent felonies involving the threatened use of force against another. *Jones v. United States*, 922 F.3d 864, 867 (8th Cir. 2019). It held that Illinois robbery convictions qualify as well. *Dembry*, 914 F.3d at 1188; *see also United States v. Brown*, 916 F.3d 706, 708 (8th Cir. 2019) (relying on *Dembry* to reach the same result under the Sentencing Guidelines' crime-of-violence enhancement); *Shields v. United States*, 928 F.3d 539, 548 (7th Cir. 2019) (holding that Illinois armed robbery falls within the ambit of the ACCA). Movant thus has four prior convictions that still count as violent felonies.[1] His sentence stands.

---

[1] The Government concedes that Movant's Illinois burglary convictions no longer constitute violent felonies under the ACCA. *See United States v. Byas*, 871 F.3d 841, 844 (8th Cir. 2017).

**Conclusion**

Movant's motion to vacate, set aside, or correct his sentence (Doc. 1) is DENIED. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date: August 14, 2019                    /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT